2024R00248/DHR

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. James B. Clark, III |
| v. | : | Magistrate. No. 24-12234 |
| MIKHAIL GOULDSON | : | **CRIMINAL COMPLAINT** |

I, Jared P. Rone, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## SEE ATTACHMENT A

I further state that I am a Special Agent with Homeland Security Investigations, and that this complaint is based on the following facts:

## SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

/s/ *Jared P. Rone*
Jared P. Rone, Special Agent
Homeland Security Investigations

Special Agent Jared P. Rone attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 6th day of August, 2024.

Hon. James B. Clark, III
United States Magistrate Judge

## ATTACHMENT A

### Count 1
### (Possession of a Firearm and Ammunition by a Convicted Felon)

On or about July 31, 2024, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

### MIKHAIL GOULDSON,

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely an Ed Brown Products model Special Forces .45 caliber semi-automatic pistol, bearing serial number 12759, and 383 rounds of ammunition, namely, 113 9mm caliber rounds, 12 .223 caliber rounds, 110 .38 caliber rounds, 12 .308 caliber rounds, 15 .45 caliber rounds, 1 .40 caliber round, 24 .40 caliber hollow-point rounds, 84 .300 Blackout rounds, 1 .30-30 caliber round, and 11 .45 caliber hollow-point rounds, and the firearms and ammunition were in and affecting interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## Count 2
### (Attempted Trafficking in Firearms)

In or about January 2024, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

**MIKHAIL GOULDSON,**

did attempt to receive from another person any firearm in or otherwise affecting interstate or foreign commerce, to wit, one firearm suppressor being imported from the People's Republic of China, knowing or having reasonable cause to believe that such receipt would constitute a felony.

In violation of Title 18, United States Code, Section 933(a)(2) & (3).

## ATTACHMENT B

I, Jared P. Rone, am a Special Agent with Homeland Security Investigations ("HSI"). The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including video surveillance, bank records, and other documents. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

### Background

1. Homeland Security Investigations ("HSI"), in partnership with the Federal Bureau of Investigation ("FBI"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), U.S. Postal Inspection Service ("USPIS"), and Customs and Border Protection ("CBP") have been investigating the defendant, Mikhail Gouldson ("GOULDSON"), regarding arms-trafficking activities.

2. The investigation arises from multiple shipments of suspected weaponry being imported from China to GOULDSON, which law enforcement successfully interdicted on multiple occasions. Specifically, CBP seized packages intended for GOULDSON containing, among other things, a firearm suppressor and the components of twenty-two suspected machinegun conversion devices, which, if operable, could render certain handguns capable of fully automatic fire.

3. A search warrant executed at GOULDSON's residence revealed an extensive arsenal of suspected weaponry and ammunition, along with a sophisticated 3D-printing operation that law enforcement believes was used to fabricate weapons and weapon parts.

### GOULDSON's Importation of Firearms

4. At all times relevant to this Criminal Complaint, GOULDSON resided at an address in Paterson, New Jersey (the "Residence").

5. CBP interdicted multiple shipments of suspected firearms being shipped from China to GOULDSON at the Residence. Specifically, on or about January 24, 2024, CBP interdicted a firearm suppressor en route to the Residence. Based on my training and understanding of federal law, silencers constitute firearms. *See* 18 U.S.C. § 921(a)(3)(C).

6. Subsequently, between in or around March 2024 through July 2024, CBP interdicted components for twenty-two suspected machinegun conversion devices—commonly referred to as "Glock switches"—which law enforcement is in the process of evaluating for operability.

7. GOULDSON was previously convicted of multiple prior felonies. For example:

   a. On or about May 21, 2009, GOULDSON was sentenced to three years' imprisonment for unlawful possession of a weapon, in violation of New Jersey Code of Criminal Justice, Section 2C:39-5B.

   b. On or about February 19, 2015, GOULDSON was sentenced to 11 years' imprisonment, and then resentenced to 6 years' imprisonment, for unlawful possession of a weapon in violation of New Jersey Code of Criminal Justice, Section 2C:39-5F.

   c. On or about January 16, 2018, GOULDSON was sentenced to 3 years' imprisonment for aggravated assault against a corrections officer, in violation of New Jersey Code of Criminal Justice, Section 2C:12-1B(5)(H).

8. Having been previously sentenced to multiple terms of imprisonment exceeding one year, GOULDSON therefore knew at all relevant times that he had previously been convicted of a felony offense. Law enforcement likewise believes, based on a query of governmental databases, that GOULDSON never registered a firearm suppressor. Therefore, GOULDSON knew or had reasonable cause to believe that receiving the suppressor would constitute a felony.

### Search Warrant Execution at GOULDSON's Residence

9. On or about July 31, 2024, law enforcement executed a search warrant at the Residence, in the third-floor unit where GOULDSON resides. There, law enforcement identified indicia of occupancy such as a passport belonging to GOULDSON and mailings addressed to him.

10. Law enforcement seized from that search, among other things, an Ed Brown Products model Special Forces .45 caliber semi-automatic pistol, bearing serial number 12759.

11. Law enforcement also recovered approximately 383 rounds of ammunition, namely, 113 9mm caliber rounds, 12 .223 caliber rounds, 110 .38 caliber rounds, 12 .308 caliber rounds, 15 .45 caliber rounds, 1 .40 caliber round, 24 .40 caliber hollow-point rounds, 84 .300 Blackout rounds, 1 .30-30 caliber round, and 11 .45 caliber hollow-point rounds.

12. The firearm and ammunition described above were manufactured outside of the State of New Jersey and thus travelled in interstate commerce prior to July 31, 2024.

13. Additionally, law enforcement seized numerous articles that the Government is in the process of evaluating, including 3D-printed suspected firearms. In particular, law enforcement recovered from GOULDSON's residence nine suspected machinegun conversion devices; six privately made firearms; 36 suspected 3D-printed handgun lowers; five suspected rifle lowers; and five suspected firearm silencers.