2024R00248/DHR

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**FILED**

MAR 10 2025 J.D.

AT 8:30 12:45 P M
CLERK, U.S. DISTRICT COURT - DNJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Evelyn Padin |
| v. | : | |
| | : | Crim. No. 25-149 |
| MIKHAIL GOULDSON | : | 18 U.S.C. § 922(a)(1) |
| | : | 18 U.S.C. § 923(a) |
| | : | 18 U.S.C. § 924(a)(1)(D) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | 18 U.S.C. § 922(o)(1) |
| | : | 26 U.S.C. § 5861(d) |
| | : | 18 U.S.C. §§ 933(a)(2) and (a)(3) |

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

**COUNT ONE**
(Dealing in Firearms Without a License)

From at least in or around December 2021 through on or about July 31, 2024, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

**MIKHAIL GOULDSON,**

did knowingly and willfully engage in the business of importing, manufacturing, and dealing in firearms, and in the course of such business, shipped, transported, and received firearms in interstate and foreign commerce, without being a federally licensed importer, licensed manufacturer, or licensed dealer.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT TWO
(Possession of a Firearm and Ammunition by a Convicted Felon)

On or about July 31, 2024, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

**MIKHAIL GOULDSON,**

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely, an Ed Brown Products model Special Forces .45 caliber semi-automatic pistol, bearing serial number 12759, and approximately 383 rounds of ammunition, namely, 113 9mm rounds, 12 .223 caliber rounds, 110 .38 caliber rounds, 12 .308 caliber rounds, 26 .45 caliber rounds, one .40 caliber round, 24 .40 caliber hollow-point rounds, 84 .300 Blackout rounds, and one .30-30 caliber round, and the firearm and ammunition were in and affecting interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THREE
(Possession of Machineguns)

On or about July 31, 2024, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

**MIKHAIL GOULDSON,**

did knowingly possess machineguns, as defined in Title 26, United States Code, Section 5845(b), namely, nine machinegun conversion devices.

In violation of Title 18, United States Code, Section 922(o)(1).

## COUNT FOUR
(Possession of Unregistered Firearms)

On or about July 31, 2024, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

**MIKHAIL GOULDSON,**

did knowingly possess firearms, as defined in Title 26, United States Code, Section 5845(b), namely, nine machinegun conversion devices, two short-barreled rifles, and five silencers, which were not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Section 5861(d).

## COUNT FIVE
(Attempted Trafficking in Firearms)

From in or around January 2024, through in or around July 2024, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

**MIKHAIL GOULDSON,**

did attempt to receive from another person firearms in or otherwise affecting interstate or foreign commerce, namely, two trigger-stop pin frames, one silencer, and 26 machinegun conversion devices, knowing and having reasonable cause to believe that such receipt would constitute a felony.

In violation of Title 18, United States Code, Sections 933(a)(2) and (a)(3).

## FORFEITURE ALLEGATION ONE

Upon conviction of the firearm offenses charged in Counts One through Three of this Indictment, the defendant,

### MIKHAIL GOULDSON,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 26, United States Code, Section 5872, any firearm or ammunition involved in or used in the commission of such offenses, including, but not limited to the following:

    a. an Ed Brown Products model Special Forces .45 caliber semi-automatic pistol, bearing serial number 12759;

    b. 35 machinegun conversion devices;

    c. six firearm silencers;

    d. two short-barreled rifles;

    e. 36 handgun frames;

    f. five rifle lower receivers;

    g. three trigger-stop pin frames; and

    h. 383 rounds of ammunition, namely, 113 9mm rounds, 12 .223 caliber rounds, 110 .38 caliber rounds, 12 .308 caliber rounds, 26 .45 caliber rounds, one .40 caliber round, 24 .40 caliber hollow-point rounds, 84 .300 Blackout rounds, and one .30-30 caliber round.

## FORFEITURE ALLEGATION TWO

Upon conviction of the possession of an unregistered firearms offense charged in Count Four of this Indictment, the defendant,

**MIKHAIL GOULDSON,**

shall forfeit to the United States of America, pursuant to Title 26, United States Code, Section 5872(a), any firearms involved in such offense, including, but not limited to the following:

    a. nine machinegun conversion devices;

    b. five firearm silencers; and

    c. two short-barreled rifles.

## FORFEITURE ALLEGATION THREE

Upon conviction of the attempted trafficking in firearms offense charged in Count Five of this Indictment, the defendant,

## MIKHAIL GOULDSON,

shall forfeit to the United States of America: (i) pursuant to Title 18, United States Code, Section 934(a) any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such offense, and any of the defendant's property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense; and (ii) pursuant to, Title 18, United States Code, Sections 934 and 924(d), any firearms or ammunition involved in or used in the commission of such offense, including, but not limited to the following:

      a. 26 machinegun conversion devices;

      b. one firearm silencer; and

      c. two trigger-stop pin frames.

## Substitute Assets Provision
### (Applicable to All Forfeiture Allegations)

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

*[signature]*
JOHN GIORDANO
United States Attorney

CASE NUMBER: 25-149

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

MIKHAIL GOULDSON

## INDICTMENT FOR

18 U.S.C. § 922(a)(1)
18 U.S.C. § 923(a)
18 U.S.C. § 924(a)(1)(D)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 922(o)(1)
26 U.S.C. § 5861(d)
18 U.S.C. §§ 933(a)(2) and (a)(3)



JOHN GIORDANO
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

DANIEL H. ROSENBLUM
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2767